UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE T. LOVELL, JR., | Case No. 3:18-cv-00460-MMD-WGC |
| Petitioner, | |
| v. | ORDER |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

In a previous order (ECF No. 3), Petitioner was directed to pay the filing fee in order to proceed with his federal habeas petition. The Court has been informed that Petitioner has now paid the full filing fee. Thus, the petition will be filed.

The Court has reviewed the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. For the reasons provided below, the Court will order Respondents to file a response.

In his petition, Petitioner claims that his constitutional rights have been violated by the manner in which the Nevada Department of Corrections ("NDOC") "recalculated" the expiration of his prison sentence. He alleges as follows. From September 1997 until March 2015, the NDOC applied NRS § 209.4465 to calculate the expiration of his sentence. Then, in March 2015, NDOC conducted an audit of his sentence using NRS § 209.446. As a result, NDOC added nearly four years to his sentence.[1]

In Ground One of his petition, Petitioner claims a violation of his right to due process because NDOC changed the expiration date of his sentence without notifying

---

[1] NRS § 209.446 provides for the deduction of ten days of good-time credits for each month served, while NRS § 209.4465 provides for the deduction of twenty days.

him in writing or providing him a hearing. In Ground Two, he claims a violation of his right to due process and equal protection of the law because the Nevada Supreme Court has treated similarly situated inmates differently in applying NRS § 209.4465.

A federal writ of habeas corpus is not available with respect to claims based solely on alleged errors in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). To obtain habeas relief, a petitioner must demonstrate a transgression of federal law binding on the state courts. *See id.* Thus, if the petitioner's claim is premised merely on an alleged misapplication of state law, he fails to state a cognizable claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

On the other hand, a petitioner may state a cognizable claim for federal habeas relief under the Due Process Clause where a state arbitrarily deprives a him of a state created liberty interest, which includes a prisoner's good-time credits. *See, e.g.*, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (holding that the requirements of due process are satisfied only if "some evidence" supports the decision to revoke a prisoner's good-time credits); *Wolf v. McDonnell*, 418 U.S. 539, 571-72 (1974) (holding that a state-created right to good-time credits, which could be forfeited only for serious misbehavior, constituted a liberty interest protected by the Due Process Clause); *Fetterly v. Paskett*, 997 F. 1295, 1300 (9th Cir.1993) ("[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state.").

Thus, Petitioner has a federal due process right to the accurate award of time credits as provided for under state law. The Court is skeptical, however, as to whether petitioner's claims have merit. Based on the plain language of the statutes, NRS § 209.446 applies to sentences arising from crimes committed prior to July 17, 1997, while

NRS § 209.4465 applies to crimes committed after that date. By his own admission, Petitioner has been in prison since at least September of 1997, which suggests that NDOC is warranted in applying the former statute to calculate his sentence. Even so, because Petitioner arguably states a cognizable claim for federal habeas relief, the Court will order the petition served on Respondents, and order a response to the petition. *See* Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254.

A petition for federal habeas corpus should include all claims for relief of which Petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the Court of that claim as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

It is therefore ordered that the Clerk of Court will file the petition for writ of habeas corpus (ECF No. 1-1) and electronically serve the petition and a copy of this order on Respondents.

It is further ordered that the Clerk will add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for Respondents.

It is further ordered that Respondents will have 40 days from the date of entry of this order to appear in this action, and to answer or otherwise respond to the petition.

It is further ordered that if Respondents file an answer, Petitioner shall have 20 days from the date on which the answer is served on him to file and serve a reply. If Respondents file a motion to dismiss, petitioner shall have 20 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and Respondents shall, thereafter, have 20 days to file a reply in support of the motion.

It is further ordered that any state court record exhibits filed herein by either Petitioner or Respondents shall be filed with a separate index of exhibits identifying the

exhibits by number. The CM/ECF attachments that are filed must also be identified by the number or numbers of the exhibits in the attachment.

DATED THIS 26th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE