UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE T. LOVELL, JR., | Case No. 3:18-cv-00460-MMD-WGC |
| Petitioner, | |
| v. | ORDER |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

Petitioner has filed a motion asking the Court to appoint him counsel in this habeas corpus proceeding. (ECF No. 9.) As outlined in a previous order, Petitioner is claiming that he is entitled to habeas relief because the Nevada Department of Corrections ("NDOC") "recalculated" the expiration of his prison sentence in a manner that violates his constitutional rights. (ECF No. 6.) To support his request for counsel, Petitioner cites the complexity of his case, various limitations on his ability to litigate it, and the likelihood the case will involve discovery proceedings. In addition, Petitioner suggests appointment of counsel is warranted because his case implicates the need for a change in the prison's management of sentences.

Pursuant to 18 U.S.C. §3006A(a)(2)(B), the Court has discretion to appoint counsel when it determines that the "interests of justice" require representation. But there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th

1 | Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The Court will deny Petitioner's motion at this time because the petition on file in this action is sufficiently clear in presenting Petitioner's claims for relief. (ECF No. 7.) In addition, Petitioner has demonstrated the ability to effectively articulate the facts and arguments supporting his claims. As for the need for discovery, Petitioner's case appears to present relatively straightforward legal issues that do not involve significant factual development. Thus, it does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel will thus be denied.

It is therefore ordered that Petitioner's motion for appointment of counsel (ECF No. 9) is denied.

It is further ordered that Respondents shall have 40 days from the date of entry of this order to appear in this action, and to answer or otherwise respond to the petition.

It is further ordered that if Respondents file an answer, Petitioner shall have 20 days from the date on which the answer is served on him to file and serve a reply. If Respondents file a motion to dismiss, Petitioner shall have 20 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and Respondents shall, thereafter, have 20 days to file a reply in support of the motion.

It is further ordered that any state court record exhibits filed herein by either Petitioner or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment**.**

It is further ordered that Respondents' motion for extension of time (ECF No. 11) is denied as moot in light of the schedule set forth above.

///

DATED THIS 24th day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE